IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL ANTONIO ESTRELLA-DISLA, | : | 1:17-cv-1575 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| CRAIG LOWE, *et al.*, | : | Hon. Martin C. Carlson |
| Respondents. | : | |

## MEMORANDUM

### October 31, 2017

Presently before this Court is Petitioner's *Pro Se* Petition for Writ of Habeas Corpus ("the Petition") (Doc. 1) and Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 11). For the reasons that follow, we shall grant the Motion and dismiss the Petition as moot.

### I. FACTUAL BACKGROUND

Petitioner Joel Antonio Estrella-Disla ("Petitioner") is a lawful permanent resident of the United States and a native of the Dominican Republic. (Doc. 10, p. 2). On March 2, 2016, Petitioner was convicted in the United States District Court of the District of Connecticut of conspiracy to possess with intent to distribute and distribution of at least 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(B)(1)(b)(i) and 846. (Doc. 10, p. 2). Petitioner was subsequently sentenced to a term of imprisonment of twelve months and one day. (*Id.*).

1

On September 6, 2016, Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear ("NTA") charging him with deportability under 8 U.S.C. § 1227(a)(2)(A)(iii) because he is an alien convicted of an aggravated felony. (Doc. 10, p. 2). Following his release from prison on February 3, 2017, Petitioner was transferred to the custody of ICE, where he has remained since. (*Id.*)

II.   **PROCEDURAL HISTORY**

On September 5, 2017, Petitioner filed the instant Petition, asking the Court for immediate release from immigration custody.[1] (Doc. 1). Respondents Craig Lowe, *et al.* ("the Government") filed a Response to the Petition on September 29, 2017. (Doc. 8). Thereafter, Magistrate Judge Carlson filed a Report and Recommendation on October 12, 2017, recommending that this Court grant the Petition in part and deny it in part. (Doc. 10, p. 12). Specifically, the Magistrate Judge reasoned that the Petitioner should not be given immediate release given that his detention had lasted only eight months, and further noted the nature of Petitioner's criminal conduct was serious, and much of the pre-removal delay has

---

[1] Based on the Petition, it is unclear whether Petitioner contests his pre-removal order detention or his post-removal order detention. When the Petition was filed, Petitioner was only in the pre-removal order phase and therefore could not challenge his post-removal order detention. However, Petitioner does cite to *Zadvydas v. Davis*, 533 U.S. 678 (2001), which concerns post-removal order detention. (Doc. 1, p. 5). Because Petitioner filed his Petition *pro se*, we will treat his Petition as having challenged both his pre and post-removal order detention.

been caused by Petitioner himself.[2] (Doc. 10, p. 9). However, the Magistrate Judge further recommended that, should Petitioner remain in custody, he should receive an individualized bond hearing before February 3, 2018.[3] (Doc. 10, p. 10).

The same day Magistrate Judge Carlson issued his Report and Recommendation, the Immigration Court filed an order of removal against petitioner. (Doc. 11-1). Petitioner waived his right to appeal, resulting in the order's finality pursuant to 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under [8 U.S.C. § 1229a] shall become final: (b) Upon waiver of appeal by the respondent[.]"). (Doc. 11-1). In response to the order of removal, the Government filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing the case is now moot because Petitioner is subject to a final order of removal. (Doc. 11).

---

[2] Petitioner requested extensions for a number of hearings before the immigration court in order to prepare his case. (Doc. 10, p. 2-3). These repeated extensions have delayed Petitioner's removal process. (*Id.*). Petitioner notified the court of his claim to derivative United States citizenship on March 23, 2017. (Doc. 10, p. 3). His claim to derivative citizenship was ultimately denied on August 29, 2017. (*Id.*).

[3] Petitioner would have been in pre-removal detention for one year by this date, and the Third Circuit finds this length of detention without individualized bond hearings to be unreasonable. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (prescribing a six-month-to-one-year timeframe in which to grant detainees individualized bond hearings).

## III.  DISCUSSION

Generally speaking, 8 U.S.C. § 1226 governs pre-removal order detention of aliens,[4] while 8 U.S.C. § 1231 governs post-removal order detention of aliens.[5] As presented, the Petition fails under either section. After Petitioner's removal order became final on October 12, 2017, he is no longer being detained pursuant to Section 1226. Therefore, as the Government has correctly posited, Petitioner's claim pursuant to that section is necessarily moot.[6] Further, Petitioner's claim as it relates to his post-removal order detention is premature. Pursuant to 8 U.S.C.

---

[4] Section 1226 instructs the Attorney General to detain aliens during ongoing removal proceedings. *See* 8 U.S.C. § 1226. Section 1226(c) provides for detention of aliens who are removable by reason of having committed aggravated felonies. 8 U.S.C. § 1226(c). Pursuant to Section 1226(c), the Third Circuit authorizes "only mandatory detention that is reasonable in length," after which a detained alien is entitled to a bond hearing. *Diop v. ICE/Homeland Security*, 656 F. 3d 221, 234-35 (3d Cir. 2011). Later, in *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015), the Third Circuit held that continued pre-removal detention would become constitutionally problematic after six months of detention, and certainly would become problematic after one year. *Id.*

[5] Section 1231 applies to aliens that have been ordered to be removed from the United States. 8 U.S.C. § 1231. Specifically, Section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." 8 U.S.C.A. § 1231. The "removal period" under Section 1231(a)(1)(A) begins on the latest of "(i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

[6] Federal courts may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). To be an actual case or controversy, there must be injury that "is likely to be redressed by a favorable decision. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). The necessity of an actual case or controversy continues through all stages of the proceeding, including appeals. *Lewis*, 494 U.S. at 477-78.

§1231(a)(1)(A), the Attorney General has at least 90 days beginning October 12, 2017 to remove Petitioner.[7] Thus, since Petitioner's post-removal order of detention just began on October 12, 2017, any claim pertaining to the same is not yet ripe.[8] Accordingly, we shall dismiss the Petition without prejudice to Petitioner re-filing a new Section 2241 petition in the event his post-removal detention runs afoul of the time limitations set by Section 1231 and *Zadvydas*.

A separate order shall issue.

---

[7] Section 1231(a)(1)(A) provides that the Attorney General "shall remove the alien from the United States within a period of 90 days." 8 U.S.C §1231(a)(1)(A). Section 1231(a)(6) provides that "[a]n alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period." 8 U.S.C. 1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted Section 1231(a)(6) to authorize post-removal detention for aliens convicted of aggravated felonies for "a period reasonably necessary to bring about the alien's removal, generally no more than six months." *Id.* at 700-01.

[8] In *Rodney v. Mukasey*, 340 Fed. Appx. 761 (3d Cir. 2009), an alien detainee filed a petition for writ of habeas corpus in this Court, challenging his detention. *Id.* at 762. The detainee argued that his detention violated 8 U.S.C. 1226(c) and that his sentence exceeded Constitutional bounds pursuant to *Zadvydas*. *Id.* at 763. This Court found that the detention was authorized by 8 U.S.C. § 1226(c)(1)(B) and that the detainee's claim was otherwise premature. *Id.* Shortly thereafter, the Board of Immigration Appeals dismissed the detainee's appeal, finalizing his order of removal. *Id.* at 763-64. The Third Circuit therefore found the detainee's petition challenging his detention under Section 1226(c) to be moot. *Id.* at 764. Further, the Court found that any claim regarding the length of his post-removal order detention under Section 1231 would be premature. *Id.* at 764-65.